CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 22, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONARDO PAXTON, | ) | |
| Plaintiff, | ) | Civil Action Nos. 7:24-cv-00399 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DAVID CARSON, | ) | Chief United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jonardo Paxton, proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Paxton has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Paxton's complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Paxton alleges that the defendant, Roanoke Circuit Court Judge David Carson, told Paxton to "take a plea or we're starting trial and I'm not allow[ed] a lawyer, I'll have to represent myself so

if I don't take the plea a trial with no defense." (Compl. 2.)  Thus, plaintiff claims he is being "bullied" into a plea by the defendant, Judge Carson.  Plaintiff asks the court to "reverse" his plea, show exculpatory evidence that is available, gather transcripts, and clear his record of his charges, plus $200,000 for pain and suffering.  (*Id.*)  This claim cannot proceed because Judge Carson is immune from suits committed within his judicial jurisdiction.  *See Pierson v. Ray*, 386 U.S. 547, 554 (1967); *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992).  It is apparent from plaintiff's allegations that Judge Carson has jurisdiction over the case involving plaintiff that is or was pending before him, and the parties are or were dealing with Judge Carson in his judicial capacity.  *King*, 973 F.2d at 357.  Thus, Paxton cannot state an actionable claim for relief against Judge Carson.  *See Miller v. DeMarino*, No. Civ.1:01 CV 183, 2002 WL 32096597, at *2 (N.D. W. Va. Apr. 24, 2002) (finding that a judge is entitled to immunity and dismissing a claim against the judge pursuant to § 1915A because "the acts of explaining the terms of a plea agreement to a defendant, accepting guilty pleas of a defendant and determining whether to sentence a defendant in accordance with a plea agreement are acts normally performed by a judge" and the parties dealt with the judge "in his judicial capacity").

Accordingly, it is hereby ORDERED that this 42 U.S.C. § 1983 action is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).  Paxton's claims are dismissed without prejudice.  It is further ORDERED that the Clerk shall STRIKE this case from the active docket of the court.  The Clerk shall transmit a copy of this order to Paxton.

Entered: August 22, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge